## 1542. TALLY v. THE STATE.

The evidence fully warranted the verdict of guilty, and the court properly overruled the motion for new trial.

Accusation of cruelty to animals, from city court of Americus—Judge Crisp. November 7, 1908.

Submitted January 14,—Decided January 27, 1909.

*Howell B. Simmons,* for plaintiff in error.

*Zach. S. Childers, solicitor,* contra.

RUSSELL, J. The defendant was convicted of cruelty to animals. The evidence showed that a mule, which was proved to have been in good condition, was furnished to him to plow corn. The mule was found on one occasion to have been severely beaten, and the defendant was remonstrated with. He did not deny having beaten the mule, but replied by saying, "I will kill her, or make her do as I want her to do." The evidence showed that upon several occasions, within three or four days prior to the day alleged in the accusation, while the mule was being plowed by the defendant, she bore evidence of having been recently severely beaten. Finally, upon the occasion mentioned in the indictment, the mule was so badly injured that she was taken from the farm to Americus for medical treatment. One witness testified that she had "whelps all over her body," and a bruised place on her head as large as his fist. The defendant, in his statement to the jury, said he slapped the mule with the lines. This was on Thursday. On Saturday the mule died. The mule was in good condition and uninjured when she was turned over to the defendant to be plowed, and the evidence does not disclose that any one else worked her or attended to her during the period in which she must have been injured. We think that the evidence fully authorized the verdict, and that the trial judge properly refused a new trial. Our high civilization demands that helpless dumb brutes be protected from injury and from suffering inflicted without good cause. The mule was put in the keeping of the defendant in good condition. An inference which properly arises from the testimony, as held in the somewhat similar case of *Johnson* v. *Perkins,* 4 *Ga. App.* 633 (62 S. E. 152), is that the defendant was responsible for the condition in which the mule was found, and that it devolved upon him to show that:

he was not the cause of its condition. The presumption that the defendant injured the mule, if it was injured while in his care, might or might not authorize conviction. The strength of the presumption would depend upon other circumstances in the case. But in the present case the defendant, by the language which he used when reproved for the condition of the mule, as well as by his statement to the jury, practically admitted his guilt. The writer feelingly recalls that "upon occasion" nothing can be more annoying, harassing, and exasperating, even to the point of blank despair, than to attempt to use an obstinate or vicious mule; but the proof in this case (not even disputed by the defendant in his statement) was that the mule in question was a good work mule and easily controlled.

There is no merit in the ground which complains that the court permitted proof of more than one act of cruelty. The different dates upon which the State endeavored to show that the defendant was cruel to the mule were all of them within the statute of limitations and prior to the filing of the accusation. There are no unusual features in the record, except that counsel for the plaintiff in error, in expressing his indignation that his client should have been convicted, sums up his argument in the following verse:

> "No matter how hot is the bottom,
>   And the mule is beset by the flies,
> Let the negro at work in the cotton
>   Never slap with the lines if he's wise.
> Though the lines may be tight on the nigger
>   And the contract enslaves, he's a fool
> If he slaps and then thinks he's bigger
>   In the eyes of the law than the mule."

To this portion of the argument I would reply in perhaps no poorer poesy, and I think much better law:

> When the sun shines hot in the bottom
>   And the mule is beset with the flies,
> The hand and the head which guide the poor beast
>   Should be at once gentle and wise.
> The man who trusts his beast to a plow-hand—
>   For negroes and whites, the law is the same—

Is assured that the statutes and law of the land
Forbid that his brute be tortured or maimed.

So where a mule's in sole charge of a driver,
He (no matter what color his skin)
Must show, if that mule should be injured,
That the hurt was not due to his sin.
True, the law holds the driver far bigger
Than a conscienceless mule to be,
Yet the law should avenge with all vigor
All drivers' acts of wanton cruelty.

                                        *Judgment affirmed.*